**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re DANVILLE EMERGENCY PHYSICIANS, P.C., | ) Case No. 06-61306-LYN |
| | ) |
| | ) Chapter 7 |
| Debtor, | ) |
| | ) Involuntary Petition |

**MEMORANDUM AND ORDER**
**ON MOTION TO QUASH SUBPOENA DUCES TECUM**

**FACTS**

On August 30, 2006, Danville Regional Health System ("the Petitioning Creditor") filed an involuntary chapter 7 petition against Danville Emergency Physicians, P.C. ("the Alleged Debtor") alleging that the Petitioning Creditor was eligible to file the petition under 11 U.S.C. § 303(b) and that the Alleged Debtor was generally not paying its debts as they became due, unless those debts were the subject of a bona fide dispute as to liability or amount.

On September 15, 2006, the Alleged Debtor filed an answer (1) asserting that the Petitioning Creditor is not a qualified Petitioner, (2) asserting that the Alleged Debtor has 12 or more creditors, (3) denying that it is generally not paying its debts as they become due, unless the debts are the subject of a bona fide dispute as to liability or amount; and (4) asserting that the Petitioning Creditor's statement that its claim is unsecured and liquidated is not correct.

The Petitioning Creditor propounded discovery including a subpoena duces tecum ("the Subpoena") served on Goodman and Company, LLP. The subpoena sought the production of those "documents related to a 401(k) and/or other retirement plans maintained for or sponsored by Danville Emergency Physicians . . ."

On November 1, 2006, the Alleged Debtor filed a motion to quash the Subpoena on the grounds that it may contain confidential and other business information of the Alleged Debtor and does not bear upon whether the Alleged Debtor owed money to Goodman & Company, LLP, or whether the Alleged Debtor is generally paying its debts as they come due.

## **DISCUSSION**

A party may serve a request to produce any designated documents by the respondent which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served. Fed. R. Civ. P. 34(a) as made applicable in this proceeding by Fed. R. Bankr. P. 7034.[1] The scope of discovery is determined generally by Fed. R. Civ. P. 26(b) incorporated into this proceeding by Fed. R. Bankr. P. 7026. Rule 26(b)(1) provides that discovery may be ordered for any matter relevant to

---

[1] Rule 34(a) provides:

**(a) Scope.** Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the respondent into reasonably usable form, or to inspect, copy, test, or sample any designated tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

the subject matter involved in the action.[2]   The matter need not be admissible at trial.

A trial on an involuntary petition raises two issues: (1) Whether one or three creditors must join in the filing the involuntary petition, an issue that is in turn determined by whether the alleged debtor has twelve or more creditors holder certain kinds of claims[3]; and (2) whether the alleged debtor is generally paying its debts as they come due[4].

With respect to the Subpoena, the relevant subject involved in the case concerns whether Goodman & Company, LLP, is a creditor of the Alleged Debtor and whether the the Alleged Debtor is generally paying its debts to Goodman & Company, LLP, as they come due. Any documents bearing on these issues must be provided to the Petitioning Creditor.

At the hearing on this matter the Petitioning Creditor argued that, in this case, there was another relevant subject. While the argument was difficult to follow, the Petitioning Creditor appears to be arguing as follows.  First, it argues that it is not clear whether the Alleged Debtor paid plan expenses directly to Goodman & Company, LLP, or whether it paid them through the employees.   The Court does not believe that this is relevant to the issues presented.  Goodman & Company, LLP's status as a creditor would not be extinguished because the Alleged Debtor paid it through an agent or other conduit.

---

[2]    Rule 26(b)(1) provides:

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

[3]    See 11 U.S.C. § 303(b).

[4]    See 11 U.S.C. § 303(h).

Second, the Petitioning Creditor asserts that the Alleged Debtor has listed a number of former employees of the Alleged Debtor as creditors in that they owed contributions to their 401(k) retirement accounts after they were no longer employed by the Alleged Debtor. The Petitioning Creditor argues that the Alleged Debtor seeks to count these persons as creditors and alleges that they should, perhaps, be excluded from the list of counted creditors because their participation in the 401(k) plan would be terminated if their employment was terminated. If the Petitioning Creditor seeks information concerning other alleged creditors, then it can propound discovery against those persons.

We turn now to each of the five paragraphs in the Subpoena. The first paragraph seeks:

> a. The Retirement Plan document, Trust Agreement, summary Plan Description Summary of Material Modification, and related amendments to the foregoing, in effect and/or created during the period from January 1, 2006, through the date of service of this document.

Each of these documents concerns the business relationship between Goodman & Company, LLP, and the Alleged Debtor. The motion to quash is denied with respect to paragraph a. Goodman & Company, LLP, shall turn these documents, or copies thereof, over to the Petitioning Creditor.

The second paragraph seeks:

> b. 2005 IRS Form 5500 and related schedules and attachments;

At the hearing on this matter, the Petitioning Creditor asserted that each of these documents was a matter of public record.[5] If so, then the Petitioning Creditor may acquire them without an order of this court.

The third paragraph seeks:

---

5   See transcript of hearing, Page 16, lines 10-14.

  c. Contract, written agreement, and all other documents evidencing Goodman & Company's administration of any Retirement Plan.

This request is extremely broad in light of the issues before the Court. The request does however, relate to the issue of whether the relationship between the Alleged Debtor and Goodman & Company, LLP, is one of creditor and debtor. Goodman & Company, LLP, shall turnover these requests, or shall, *in the alternative*, provide the names of at least five other entities for whom it administers one or more retirement plans.

  The fourth paragraph seeks:

  d. Any and all documents and correspondence sent to or received from the Employee Benefit Security Administration, U.S. Department of Labor, from January 1, 2006, through the date of the service of this Subpoena related to the Retirement Plan.

The documents requested in this paragraph undoubtably include information regarding individual retirement accounts. The issue herein is whether Goodman & Company, LLP, and the Alleged Debtor are creditor and debtor. The information sought in this paragraph does not have any bearing on the relationship between the Alleged Debtor and Goodman & Company, LLP.

  The fifth paragraph seeks:

  e. All invoices evidencing charges for services rendered by Goodman & Company for the Retirement Plan, all documents evidencing payments for services rendered or contributions made toward the Retirement Plan or received from Danville Emergency Physicians and/or trustees or other representatives of the Retirement Plan, from the period January 1, 2006, through the date of service of this subpoena.

This request seeks documents that may be divided into two parts, those concerning billings to the Alleged Debtor concerning the administration of the plan and those concerning the retirement accounts of individual persons. The motion to quash shall be granted in part with respect to this paragraph e. Goodman & Company, LLP, shall turn over all invoices evidencing charges for services rendered by Goodman & Company for the Retirement Plan, all documents evidencing

payments for services rendered in the administration of the Retirement Plan from the period

January 1, 2006, through the date of service of the Subpoena.

## **ORDER**

A.	The motion to quash is denied with respect to paragraph a.   Goodman &

Company, LLP, shall turn the following over to Danville Regional Health System:

> a.	The Retirement Plan document, Trust Agreement, summary Plan Description Summary of Material Modification, and related amendments to the foregoing, in effect and/or created during the period from January 1, 2006, through the date of service of this document.

B.	The motion to quash is granted with respect to the second paragraph(b).

Goodman & Company is not required to turn over its 2005 IRS Form 5500 and related schedules

and attachments.

C.	The motion to quash the Subpoena is granted in part with respect to the third

paragraph (c).  Goodman & Company, LLP, shall *either* (1) turnover all contract, written

agreements, and all other documents evidencing Goodman & Company's administration of any

Retirement Plan or (2) shall, *in the alternative*, provide the names of five, if there be that many,

other entities for whom it administers one or more retirement plans.

D.	The motion to quash is granted with respect to the fourth paragraph(d).  Goodman

& Company, LLP, is not required to turnover "[a]ny and all documents and correspondence sent

to or received from the Employee Benefit Security Administration, U.S. Department of Labor,

from January 1, 2006, through the date of the service of this Subpoena related to the Retirement

Plan."

E.	The motion to quash the Subpoena is granted in part with respect to the fifth

paragraph (e).   Goodman & Company, LLP, shall turn over all invoices evidencing charges for

services rendered by Goodman & Company, LLP, for the Retirement Plan, and all documents

evidencing payments for services rendered in the administration of the Retirement Plan from the period January 1, 2006, through the date of service of the Subpoena.

So ORDERED.

Upon entry of this Order, the Clerk shall forward a copy to Frederick T. Schubert, II, Richard C. Maxwell, Esq., and Darren W. Bentley, Esq.

Entered on this  19th  day of December, 2006.

_____
William E. Anderson
United States Bankruptcy Judge