**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re DANVILLE EMERGENCY PHYSICIANS, P.C., <br><br> Debtor, | ) Case No. 06-61306-LYN <br> ) <br> ) Chapter 7 <br> ) <br> ) Involuntary Petition |

## MEMORANDUM AND ORDER

The matter comes before the court on the motion of Danville Emergency Physicians, P.C., ("the Alleged Debtor") for an order requiring Danville Regional Health System ("the Petitioning Creditor") to post a $350,000.00 bond, which is the amount that the Alleged Debtor asserts would be necessary to cover damages under Section 303(i).

### *I. Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

### *II. Facts*

Until May 31, 2006, the Alleged Debtor provided emergency room services to Danville Regional Medical Center ("the Hospital"). Its contract with the Hospital terminated on May 31, 2006. On August 30, 2006, the Petitioning Creditor filed an involuntary chapter 7 petition against the Alleged Debtor asserting that the Petitioning Creditor was eligible to file the petition

1

under 11 U.S.C. § 303(b) and that the Alleged Debtor was generally not paying its debts as they became due, unless those debts were the subject of a bona fide dispute as to liability or amount.

On September 15, 2006, the Alleged Debtor filed an answer that, among other things sought an order directing the Petitioning Creditor to post a bond in the amount of $350,000.00.

### *III. Discussion*

Upon the filing of an involuntary petition the court may require the petitioning creditor to file a bond to indemnify the debtor for such amounts as the court may later allow under Section 303(I).  11 U.S.C. § 303(e).  If the court dismisses a petition without the consent of the petitioning creditor and the debtor does not waive its right to judgment, the court may grant judgment against the petitioning creditor for costs, reasonable attorney's fees, actual damages, including punitive damages, if the court finds the filing of the petition to have been in bad faith. 11 U.S.C. § 303(i)[1]

The award of a bond is discretionary.   The burden is on the alleged debtor to show the need for a bond.  Hutter Associates, Inc., v.  Women, Inc.  (In re Hutter Associates, Inc.), 138 B.R. 512 (W.D.Va.  1992).   Bad faith must be demonstrated by a preponderance of the evidence.

> It is well established that good faith is presumed on the part of the party or parties filing an involuntary petition and that the burden of proving bad faith rests on the objecting party. In re Crown Sportswear, Inc., 575 F.2d 991, 993-94 (1st Cir.1978);  In re

---

[1] Section 303(i) provides:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment--
    (1) against the petitioners and in favor of the debtor for--
        (A) costs; or
        (B) a reasonable attorney's fee; or
    (2) against any petitioner that filed the petition in bad faith, for--
        (A) any damages proximately caused by such filing; or
        (B) punitive damages.

Alta Title Co., 55 B.R. 133, 13 B.C.D. 1035 (Bankr.D.Utah 1985); In re Rite-Cap, Inc., 1 B.R. 740, 742 (Bankr.D.R.I.1979); See Basin Elec. Power Coop. v. Midwest Processing Co., 769 F.2d 483, 486 (8th Cir.1985), petition for cert. filed, (November 22, 1985). This burden is a significant one, as the objecting party must prove bad faith by at least a preponderance of the evidence. See In re Alta Title Co., 55 B.R. 133, 13 B.C.D. at 1039-40.

In re CLE Corp., 59, B.R. 579, 583 (Bankr. N.D.Ga. 1986).

The Alleged Debtor has introduced no evidence supporting an allegation that the Petitioning Creditor filed the petition in bad faith. Accordingly, the motion will be denied.

**ORDER**

The motion of the Alleged Debtor seeking an order compelling the Petitioning Creditor to file a bond is denied.

Upon entry of this Memorandum and Order, the Clerk shall forward a copy to Richard C. Maxwell, Esq., and Darren W. Bentley, Esq.

Entered on this  19th  day of July, 2007.

William E. Anderson
United States Bankruptcy Judge

3